STATE, Respondent, v. TERRY, Appellant.*

*No. State 7. Submitted February 1, 1973.—Decided February 27, 1973.*
(Also reported in 204 N. W. 2d 679.)

For the appellant the cause was submitted on the brief of *Walter R. Nicolai* of Milwaukee, and on the brief of *Ronald Francis Terry* of Waupun, pro se.

For the respondent the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Thomas J. Balistreri,* assistant attorney general.

PER CURIAM. Defendant claims error because of alleged improper conduct of the assistant district attorney and the trial judge. There was no motion for mis-

_____
* Motion for rehearing denied, without costs, on April 20, 1973.

trial, so these points have not been preserved for review. The claims are too tenuous to support a reversal in the interest of justice.

The defendant also argues that there was insufficient evidence that he employed a sharp object, and objects to the reference made to that object by the trial judge in his instructions to the jury. It is clear from reading the instructions in their entirety that the trial court was not telling the jury that it had been established a sharp object was used. The jury could reach this conclusion only if it believed the testimony of the complaining witness.

Defendant attacks the credibility of the complaining witness and, in a pro se brief, accuses the assistant district attorney of suborning perjury. Credibility is ordinarily a matter for the trial judge and the jury. After the verdict was in, the trial judge observed that it was his clear impression that the complaining witness was most trustworthy. There is nothing inherently incredible about her testimony.

Finally, defendant argues that a new trial should be granted because the jury was not polled. The jury was not polled because the defense did not request it, although given an adequate opportunity to do so.

The judgments are affirmed.